IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

04 MAR 30 PM 12:52
U.S. [illegible] COURT
N D [illegible]

**ENTERED**
**MAR 30 2004**

| | | |
|---|---|---|
| MARKEL INSURANCE COMPANY, | ) | |
| Appellant, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO.04-G-0148-E |
| ANTHONY B. BUSH, STARLIT R. BUSH, | ) ) | |
| Appellees. | ) | |

| | | |
|---|---|---|
| In re:  ANTHONY B. BUSH, STARLIT R. BUSH, | ) ) ) ) | Bankruptcy No. 03-40297 Chapter 13 |
| Debtors, | ) ) | |

| | | |
|---|---|---|
| ANTHONY B. BUSH, STARLIT R. BUSH, | ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | AP No. 03-40445 |
| MARKEL INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

<u>MEMORANDUM OPINION</u>

This appeal arises out of an Adversary Proceeding ("AP") filed by Debtors Anthony B. Bush and Starlit R. Bush ("Debtors") against Markel Insurance Company ("Markel") pursuant to 28 U.S.C. § 157(b)(2) and Rule 7001(2) of the Federal Rules of Bankruptcy Procedure. On January 24, 2003, Debtors filed a bankruptcy petition in the United States Bankruptcy Court. Markel filed a Proof of Claim on April 8, 2003, seeking



recovery of losses and expenses it had incurred by virtue of the issuance of certain performance and payment bonds on behalf of ABF Construction Company, Inc. ("ABF"). Markel alleges that pursuant to the terms of an indemnity agreement, the Debtors are personally liable for the repayment of this indebtedness to Markel.

Debtors filed an AP seeking to nullify the claim on the ground that Markel was not qualified to conduct business in Alabama and, therefore, could not enforce the indemnity agreement. A trial was held before the Bankruptcy Court on November 6, 2003. At trial the Debtors offered an affidavit executed by the Alabama Secretary of State dated October 4, 2002. The affidavit averred that upon a search of all corporate records on file, no record was found that Markel had qualified to do business in Alabama. The parties also entered into a stipulation that contained the following: "Defendant was not and has not qualified to do business in the State with the Sec. of State of Alabama." Following the trial, the bankruptcy judge made the following finding: "Markel Insurance Company is not listed in the records of the Secretary of State, domestic and foreign corporations, profit and nonprofit, domestic and foreign limited partnerships, domestic and foreign limited liability companies and domestic and foreign limited liability partnerships." Based upon this finding, the bankruptcy judge applied Ala. Code § 10-2B-15.2, which provides in pertinent part as follows: "All contracts or agreements made or entered into in this state by foreign corporations prior to obtaining a certificate of authority to transact business in this state shall be held void at the action of the foreign corporation . . . ." (1975). Accordingly, the judge held the indemnity agreement void.

On this appeal, Markel argues that it was at all relevant times duly licenced and qualified to do business in Alabama. Attached to its brief is a certification by the current Alabama Secretary of State that contains the following:

> [T]he foreign corporation records on file in this office disclose that Insurance Company of Evanston, an Illinois corporation, qualified in the state of Alabama on December 21, 1983; that on January 1, 1995; the name Insurance Company of Evanston was changed to Markell [sic.] Insurance Company, Inc. I further certify that the records do not disclose that said Markell [sic.] Insurance Company, Inc. has been withdrawn.

This certification was dated February 10, 2004, and was not before the bankruptcy court at the time of the trial of the AP.

Markel also argues that since it was qualified with the Alabama Department of Insurance (this was stipulated by the parties prior to trial), it was not required to register with the Alabama Secretary of State. This argument is based upon an Alabama Attorney General's Opinion and an agency agreement between the Alabama Secretary of State and the Alabama Department of Insurance. Markel's attorney stated at the trial that he had only located the agency agreement on the day of the trial. Markel's attorney noted that the agency agreement "references an opinion released by the Attorney General which I have not seen and would like an opportunity to present that to the court, as well." The bankruptcy judge responded: "The trial is today and, if you're not prepared today, then that would be difficult to do." The court refused to admit the agency agreement.

## STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions de novo. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).

## DISCUSSION

The certification of the Alabama Secretary of State attached to Markel's brief to this court appears to show without doubt that Markel was in fact qualified to do business with the Alabama Secretary of State at all relevant times. This evidence was not before the bankruptcy court, and may not be considered by this court on this appeal. In re: Colonial Mortgage Bankers Corp., 186 F.3d 46, 50 (1st Cir. 1999). However, this evidence can be considered by the bankruptcy court in a properly presented Rule 60(b) motion.[1] Guidance for consideration of such motion is found in Ferrell v. Trailmobile, 223 F.2d 697 (5th Cir. 1955). In that case, the district court's judgment was based upon the appellant having failed to pay one of eighteen installments for the purchase of a truck trailer. Id. at 698. Following the judgment, the appellant discovered photostatic copies of money orders bearing the appellee's endorsement, which showed that appellant had paid all eighteen installments. Id. The court of appeals found no error in the proceedings below based upon the record before

---

[1] Bankruptcy Rule 9024 makes Rule 60 applicable in bankruptcy actions. The court assumes that no such motion has been filed.

the trial court, but noted that the new evidence made it obvious the judgment should be set aside:

> If, in fact, practically conclusive evidence shows that the appellant had actually paid all eighteen installments for the purchase of the trailer, <u>it is obvious that the judgment should be set aside to prevent a manifest miscarriage of justice</u>. In such a case, the ends of justice may require granting a new trial <u>even though proper diligence was not used to secure such evidence for use at the trial</u>.

<u>Id.</u> (emphasis added). The evidence submitted to this court appears to just as obviously show the judgment of the bankruptcy court should be set aside in the present case. However, the motion seeking such relief must be made in the bankruptcy court.

<u>Ferrell</u> also sets forth the procedure to be followed. The court made it clear that the trial court retained jurisdiction to entertain such a motion and set forth the procedure to be followed:

> The authority relied upon by appellee, <u>Miller v. United States</u>, 7 Cir., 114 F.2d 267, would tend to sustain its position that the district court had no authority to grant either of said motions. That much may be conceded. We are, however, directed to construe the rules "to secure the just, speedy, and inexpensive determination of every action." Rule 1, <u>Federal Rules of Civil Procedure</u>. In that spirit, we find ourselves in agreement with the District of Columbia Circuit, that the district court retains jurisdiction to consider and deny such motions, but that, if it indicates that it will grant the motion, the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion. <u>Smith v. Pollin</u>, 90 U.S.App.D.C. 178, 194 F.2d 349, 350.

<u>Id.</u> at 698-99. This procedure makes both a Rule 60(b) motion and an appeal possible. <u>Id.</u> at 699.

The evidence attached to appellant's brief seems to clearly show that Markel was at all relevant times qualified with the Alabama Secretary of State. The stipulation to the contrary appears to have rested upon the earlier, and apparently incorrect certification of the Secretary of State. This would be good cause for allowing Markel to withdraw its stipulation, thus upsetting the factual finding upon which the bankruptcy judge's decision was based. Therefore, the court will hold this appeal in abeyance pending the bankruptcy court's consideration of Markel's Rule 60(b) motion made in that court.

The court does not prejudge the motion, since facts relevant to the motion may not be before this court. However, on the present record, it does appear that a miscarriage of justice can only be avoided by setting aside the judgment. Should the bankruptcy court deny the motion, Markel may appeal that denial and the appeal will be consolidated with the present appeal. Should the bankruptcy judge be inclined to grant the motion, he shall notify this court so that the action may be remanded. The court expects that consideration of the motion will be prompt. An appropriate order will be entered contemporaneously herewith.

DONE this 30th day of March 2004.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.