IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARKEL INSURANCE COMPANY, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.04-G-0148-E |
| ) | |
| ANTHONY B. BUSH, STARLIT R. BUSH, ) | |
| ) | |
| Appellees. ) | |

******************************************

| | |
|---|---|
| MARKEL INSURANCE COMPANY, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.04-G-1284-E |
| ) | |
| ANTHONY B. BUSH, STARLIT R. BUSH, ) | |
| ) | |
| Appellees. ) | |

| | |
|---|---|
| ) | |
| In re:   ANTHONY B. BUSH, STARLIT R. ) | Bankruptcy No. 03-40297 |
| BUSH, ) | Chapter 13 |
| ) | |
| Debtors, ) | |

| | |
|---|---|
| ) | |
| ANTHONY B. BUSH, STARLIT R. BUSH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | AP No. 03-40445 |
| ) | |
| MARKEL INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

These consolidated appeals arise out of an Adversary Proceeding ("AP") filed by Debtors Anthony B. Bush and Starlit R. Bush ("Debtors") against Markel Insurance Company ("Markel") pursuant to 28 U.S.C. § 157(b)(2) and Rule 7001(2) of the

Federal Rules of Bankruptcy Procedure.[1]  On January 24, 2003, Debtors filed a bankruptcy petition in the United States Bankruptcy Court.  Markel filed a Proof of Claim on April 8, 2003, seeking recovery of losses and expenses it had incurred by virtue of the issuance of certain performance and payment bonds on behalf of ABF Construction Company, Inc. ("ABF").  Markel alleges that pursuant to the terms of an indemnity agreement, the Debtors are personally liable for the repayment of this indebtedness to Markel.

Debtors filed an AP on August 26, 2003, seeking to nullify the claim on the ground that Markel was not qualified to conduct business in Alabama and, therefore, could not enforce the indemnity agreement.  A trial was held before the Bankruptcy Court on November 6, 2003.  At trial the Debtors offered an affidavit executed by the Alabama Secretary of State dated June 17, 2003.[2]  The affidavit averred that upon a search of all corporate records on file, no record was found that Markel had qualified to do business in Alabama.  The parties also entered into a handwritten stipulation that contained the following:  "Defendant was not and has not qualified to do business in the State with the Sec. of State of Alabama."  Following the trial, the bankruptcy judge made the following finding:  "Markel Insurance Company is not listed in the records of the Secretary of State, domestic and foreign corporations, profit and nonprofit, domestic and foreign limited

---

[1] A more detailed factual summary is contained in this court's opinion staying the original appeal.  See Markel Insurance V. Bush, 308 B.R. 913 (N.D. Ala. 2004).

[2] The court's opinion in the original appeal incorrectly dates this certification as October 4, 2002.

partnerships, domestic and foreign limited liability companies and domestic and foreign limited liability partnerships." Based upon this finding, the bankruptcy judge applied Ala. Code § 10-2B-15.2, which provides in pertinent part as follows: "All contracts or agreements made or entered into in this state by foreign corporations prior to obtaining a certificate of authority to transact business in this state shall be held void at the action of the foreign corporation . . . ." (1975). Accordingly, the judge held the indemnity agreement void.

## THE FIRST APPEAL

On the first appeal, Markel argued that it was at all relevant times duly licenced and qualified to do business in Alabama. Attached to its brief was a certification by the current Alabama Secretary of State that contains the following:

> [T]he foreign corporation records on file in this office disclose that Insurance Company of Evanston, an Illinois corporation, qualified in the state of Alabama on December 21, 1983; that on January 1, 1995; the name Insurance Company of Evanston was changed to Markell [sic] Insurance Company, Inc. I further certify that the records do not disclose that said Markell [sic] Insurance Company, Inc. has been withdrawn.

This certification was dated February 10, 2004, and was not before the bankruptcy court at the time of the trial of the AP.

Markel also argued that since it was qualified with the Alabama Department of Insurance (this was stipulated by the parties prior to trial), it was not required to register

with the Alabama Secretary of State.³  This argument was based upon an Alabama Attorney General's Opinion and an agency agreement between the Alabama Secretary of State and the Alabama Department of Insurance.  Markel's attorney stated at the trial that he had only located the agency agreement on the day of the trial.  Markel's attorney noted that the agency agreement "references an opinion released by the Attorney General which I have not seen and would like an opportunity to present that to the court, as well."  The bankruptcy judge responded:  "The trial is today and, if you're not prepared today, then that would be difficult to do."  The court refused to admit the agency agreement.

Because the certification of the Alabama Secretary of State attached to Markel's brief to this court appeared to show without doubt that Markel was in fact qualified to do business with the Alabama Secretary of State at all relevant times, the court stayed the original appeal so that the evidence could be considered by the bankruptcy court in a properly presented Rule 60(b) motion.⁴  This court's opinion contained the following:

> Guidance for consideration of such motion is found in Ferrell v. Trailmobile, 223 F.2d 697 (5th Cir. 1955).  In that case, the district court's judgment was based upon the appellant having failed to pay one of eighteen installments for the purchase of a truck trailer.  Id. at 698.  Following the judgment, the appellant discovered photostatic copies of money orders bearing the appellee's endorsement, which showed that appellant had paid all eighteen installments.  Id.  The court of appeals found no error in the proceedings below based upon the record before the trial court, but noted that the new evidence made it obvious the judgment should be set aside:

---

³ Markel raised other issues in the first appeal not discussed herein.

⁴ Bankruptcy Rule 9024 makes Rule 60 applicable in bankruptcy actions.  The court assumes that no such motion has been filed.

> If, in fact, practically conclusive evidence shows that the appellant had actually paid all eighteen installments for the purchase of the trailer, <u>it is obvious that the judgment should be set aside to prevent a manifest miscarriage of justice</u>. In such a case, the ends of justice may require granting a new trial <u>even though proper diligence was not used to secure such evidence for use at the trial</u>.

<u>Id.</u> (emphasis added).  The evidence submitted to this court appears to just as obviously show the judgment of the bankruptcy court should be set aside in the present case.  However, the motion seeking such relief must be made in the bankruptcy court.

The evidence attached to appellant's brief seems to clearly show that Markel was at all relevant times qualified with the Alabama Secretary of State.  The stipulation to the contrary appears to have rested upon the earlier, and apparently incorrect certification of the Secretary of State.  This would be good cause for allowing Markel to withdraw its stipulation, thus upsetting the factual finding upon which the bankruptcy judge's decision was based.  Therefore, the court will hold this appeal in abeyance pending the bankruptcy court's consideration of Markel's Rule 60(b) motion made in that court

The court does not prejudge the motion, since facts relevant to the motion may not be before this court.  However, on the present record, it does appear that a miscarriage of justice can only be avoided by setting aside the judgment.

<u>Markel Insurance V. Bush</u>, 308 B.R. 913, 915-916 (N.D. Ala. 2004).

## THE SECOND APPEAL

Markel filed a Rule 60(b) motion in the bankruptcy court with the new certification from the Alabama Secretary of State showing Markel had at all relevant times been qualified to do business attached.  The motion was set for hearing on April 27, 2004.  Markel's attorney failed to appear at the hearing.  The transcript shows the court was informed at the outset of the hearing that Markel's attorney had called court security to

5

report that he would be a little late.  The hearing proceeded, with several recesses.  The transcript shows that the hearing was closed 45 minutes after it was scheduled to commence, and that Markel's attorney had not appeared.  The court indicated it would deny Markel's motion.[5]

In an order entered April 28, 2004, the bankruptcy court denied Markel's motion.  The basis for the denial was that the new certification constituted newly discovered evidence, and that there had been no showing that it could not have been discovered prior to trial by due diligence.  The court also concluded the new certification was at odds with the stipulation signed by Markel's attorney and that Markel had "advanced no grounds to show why it should be relieved of the binding effect of its own stipulation."

Following the entry of this order, the debtors filed a motion to alter or amend, seeking to remove from the court's order reference to the new certification as evidence, since it had not been offered into evidence at the hearing of Markel's Rule 60(b) motion.  The bankruptcy court granted the debtors' motion and entered an amended order deleting the following two sentences:

> The only evidence at issue is evidence presented to show that Markel Insurance was certified to conduct business in the state of Alabama.  This evidence is in conflict with the stipulations that Movant signed and presented at trial on November 6, 2003.

---

[5] The bankruptcy court did not deny Markel's motion as a sanction for failure of counsel to attend the hearing.  Therefore, the fact that Markel's counsel did not attend the hearing is irrelevant to the issues raised on appeal.

They were replaced by the following:

> The Defendant's Motion to Alter, Amend or Vacate Judgment alleges that Defendant seeks to introduce evidence to show that Markel Insurance was certified to conduct business in the State of Alabama. This alleged evidence was not proffered at the hearing and if it had been admitted, it would conflict with the stipulations that Markel signed and presented at trial on November 6, 2003.

The order recites that "At the hearing [on debtors' motion to alter or amend], Defendant stipulated that any documents that were not offered into evidence cannot be considered evidence." There is no transcript of this motion hearing and no copy of Markel's stipulation contained in the record on appeal.

## STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions de novo. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).

## DISCUSSION

Two countervailing policies must be considered when relief from a judgment is requested under Rule 60(b):

> By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the "incessant command of the court's conscience that justice be done in light of all the facts."

Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (11th Cir. Jan. 26, 1981).[6]  This strong policy interest in having cases decided based upon the merits has led courts to liberally construe Rule 60(b) in order to do substantial justice.  Id. ("should be liberally construed in order to do substantial justice"), Serio v. Badger Mutual Ins. Co., 266 F.2d 418, 421 (5th Cir. 1959)("The rule is to be liberally construed in order that judgments may reflect the true merits of a case."), Johnson Waste Materials v. Marshall, 611 F.2d 593, 600 (5th Cir. 1980)("The rule is broadly phrased and many of the itemized grounds are overlapping, freeing Courts to do justice in hard cases where the circumstances generally measure up to one or more of the itemized grounds.")

> This court called the bankruptcy court's attention to the following language from Ferrell v. Trailmobile:

> If, in fact, practically conclusive evidence shows that the appellant had actually paid all eighteen installments for the purchase of the trailer, it is obvious that the judgment should be set aside to prevent a manifest miscarriage of justice. In such a case, the ends of justice may require granting a new trial even though proper diligence was not used to secure such evidence for use at the trial.

Markel Insurance V. Bush, 308 B.R. 913, 915-916 (N.D. Ala. 2004)(quoting Ferrell v. Trailmobile, 223 F.2d 697, 698 (5th Cir. 1955)).  This court added emphasis to draw the bankruptcy court's attention to the fact that due diligence is not required when failure to set

---

[6] In Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

aside the judgment would result in a manifest miscarriage of justice. In its decision, however, the bankruptcy court did not even discuss <u>Ferrell</u>.

The bankruptcy court characterized Markel's motion as one based upon newly discovered evidence. It's denial of Markel's Rule 60(b) motion rested upon three grounds: (1) That there was no showing that Markel had exercised due diligence to discover the new evidence; (2) That the alleged evidence was not proffered; and (3) That if it had been admitted, it would conflict with the stipulations Markel signed and presented at the original trial. This reasoning is flawed in all respects.

The bankruptcy court erred in the first instance by assuming that Markel's motion must be considered under Rule 60(b)(2), which governs newly discovered evidence. As the bankruptcy court recognized in it's opinion, newly discovered evidence must be evidence <u>in existence</u> prior to trial. The new certification from the Alabama Secretary of State showing that Markel had at all relevant times been registered to do business in Alabama was not in existence at the time of the original trial on the merits. Therefore, Markel's Rule 60(b) motion must be considered under one of the other enumerated grounds.

Rule 60(b)(1) provides that a party may be relieved from a judgment because of "mistake, inadvertence, surprise, or excusable neglect." Moreover, the mistake need not be that of a party to the action. <u>Menier v. United States</u>, 405 F.2d 245, 248 (5th Cir. 1968)("mistake or neglect can be that of others."). In the present case, there was clearly a

mistake made by the Secretary of State of Alabama.  Based upon this mistake, the Secretary of State certified that Markel was not qualified to do business in the state of Alabama.  It is clear to the court that Markel relied upon the mistaken certification when it entered into the pretrial stipulation.  This mistake was corrected by the Secretary of State in the subsequent certification.  Under Rule 60(b)(1) the judgment should have been set aside so that the subsequent certification could be considered.

Even if Markel's motion were not due to be granted based upon Rule 60(b)(1), it should have been considered under Rule 60(b)(6), which provides that relief may be granted for "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) "is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.  The court in <u>Seven Elves, Inc.</u> set forth the standard to be applied when an appellate court reviews the denial of a Rule 60(b) motion:

> Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion. <u>Fackelman v. Bell</u>, 564 F.2d at 736. It is not enough that the granting of relief might have been permissible, or even warranted – denial must have been so <u>unwarranted</u> as to constitute an abuse of discretion. <u>Id.</u> Nevertheless, the discretion of the district court is not unbounded, and must be exercised in light of the balance that is struck by Rule 60(b) between the desideratum of finality and the demands of justice.

635 F.2d at 402.  The court also explained that "where denial of relief precludes examination of the full merits of the cause, even a slight abuse may justify reversal." <u>Id.</u>

In the present case, there is certainly more that a slight abuse of discretion, and relief from the judgment is also warranted under Rule 60(b)(6).

The bankruptcy court's conclusion that the subsequent certification was not proffered is also in error. Markel attached the certification to its motion to alter or amend. In its initial opinion denying the motion, the bankruptcy court stated that the "only evidence at issue is evidence presented to show that Markel Insurance was certified to conduct business in the state of Alabama." In it's amended order the bankruptcy court deleted this language. Nonetheless, the certification had been placed before the court, and the court was clearly aware of the content of the amended certification. A court seeking to do justice would not pretend, in effect, that the certification did not exist. Whether it was formally offered as evidence or not, it was proffered and should have been considered by the bankruptcy court. The bankruptcy court's amendment of its order to remove references to the new certification as evidence shows the remarkable extent to which the bankruptcy court went to avoid considering this case upon the merits.

The bankruptcy court also erred in refusing to consider the new certification because "it would conflict with the stipulations that Markel signed and presented at trial." In the interests of justice, Markel should be relieved of its stipulation, because it was surely based upon the mistaken certification by the Alabama Secretary of State. The law of this circuit is clear. Counsel should be relieved of pretrial stipulations in order to avoid manifest injustice:

> The position of this Court was clearly stated in <u>Laird v. Air Carrier Engine Service</u>, 5 Cir. 1959, 263 F.2d 948, 953, where Judge Brown noted that the court <u>has an obligation, in addition to having the right, to relieve counsel of pre-trial stipulations where such relief is necessary to prevent manifest injustice</u>.

<u>Central Distributors, Inc. v. M.E.T., Inc.</u>, 403 F.2d 943, 945 (5th Cir. 1968)(emphasis added). The trial court should always strive to see that justice is done and the Federal Rules of Civil Procedure should be interpreted in that light. Another quotation from <u>Central Distributors</u> shows this in application:

> A stipulation of counsel originally designed to expedite a trial should not be rigidly adhered to when it becomes apparent that it may inflict manifest injustice upon one of the subscribers thereto. See <u>Maryland Casualty Co. v. Rickenbaker</u>, 4 Cir. 1944, 146 F.2d 751. This was a non-jury trial and a short continuance could have been ordered if necessary to guard against unfair surprise without any great disruption of calendars or waste of court time. The Rules of Civil Procedure were adopted in an effort to put an end to the sporting theory of justice. The result reached here has precisely the opposite effect: the sporting theory of justice is resurrected and revitalized. This, we conclude, should not be permitted.

<u>Id.</u> at 946.

## CONCLUSION

In the present case the bankruptcy court went to great lengths to avoid considering the merits of Markel's claim and abused its discretion in denying Markel's Rule 60(b) motion. The court is of the strong opinion that manifest injustice may only be prevented by setting aside the judgment. Therefore, the decision of the bankruptcy court denying Markel's motion to alter or amend will be reversed and the action remanded with instructions that the judgment be set aside. It is also clear to the court that refusing to

12

relieve Markel from it's pretrial stipulation would likewise be an abuse of discretion. Therefore, on remand, the bankruptcy court shall grant a properly presented motion to that effect.

Because the judgment underlying the initial appeal will be set aside, that appeal is now moot. The court need not consider the issues raised therein, and voices no opinion as to their merits.

The court has become aware that the bankruptcy petition underlying this adversarial proceeding has been dismissed. On remand, after the judgment has been set aside and Markel relieved of it's pretrial stipulation upon motion, the bankruptcy court shall consider whether jurisdiction should be retained over the adversarial proceeding. See In re Morris, 950 F.2d 1531 (11th Cir. 1992)(setting forth standards to be applied).

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 2 August 2005.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.